ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CHABAD LUBAVITCH OF PUERTO RICO, INC.<br><br>Apelante<br><br>v.<br><br>JOSEPH LIPSEY III, SHIRA LIPSEY Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, ISLA-MAR DEVELOPMENT CORPORATION, PLR ISLA VERDE, LLC.<br><br>Apelado | **TA2026AP00055** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. CA2025CV00502<br><br>Sobre: SENTENCIA DECLARATORIA; SOLICITUD DE AVISO DE DEMANDA; INCUMPLIMIENTO DE DECLARACIÓN UNILATERAL DE VOLUNTAD |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de febrero de 2026.

Comparece ante nos la corporación Chabad Lubavitch of Puerto Rico (en adelante "Chabad Puerto Rico" o la parte apelante) mediante recurso de *Apelación* y nos solicita la revisión de una *Sentencia* emitida y notificada el 14 de noviembre de 2025 en el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* una *Moción de Desestimación por Insuficiencia de Emplazamiento*, la *Solicitud de Desestimación* y, desestimó la *Demanda* de epígrafe.

Adelantamos que, por los fundamentos que expondremos **CONFIRMAMOS** el dictamen apelado.

### I.

La controversia ante nos comenzó el 20 de febrero de 2025, cuando la corporación Chabad Lubavitch Puerto

Rico, Inc. presentó una *Demanda*[1] contra el señor Joseph Lipsey III; la señora Shira Lipsey y la Sociedad Legal de Gananciales Compuesta por ambos; PLR Isla Verde, LLC. e Isla-Mar Development Corporation (en adelante la parte apelada) sobre sentencia declaratoria; solicitud de orden de anotación de aviso de demanda e incumplimiento con declaraciones unilaterales de voluntad. En la misma, adujo que el señor Lipsey, en múltiples ocasiones, prometió donarle al apelante cinco (5) propiedades por un precio determinado. A tenor, solicitó al foro primario que emitiese una Sentencia Declaratoria reconociendo sus derechos sobre las propiedades, una orden autorizando la anotación del Aviso de Demanda en el Registro de la Propiedad, y que ordenase al apelado realizar el pago de diez mil dólares ($10,000.00) por el incumplimiento de sus promesas de donación.

Posteriormente, el 27 de marzo de 2025, el apelante presentó *Moción Escrito al Expediente Judicial*.[2] Mediante su comparecencia, anejó cuatro (4) emplazamientos diligenciados, a saber: *Emplazamiento Diligenciado a Joseph Lipsey III*;[3] *Emplazamiento Diligenciado a SLG Joseph Lipsey III y Shira Lipsey*;[4] *Emplazamiento Diligenciado a Isla-Mar Development Corporation*[5] y, *Emplazamiento Diligenciado a PLR Isla Verde LLC*.[6]

---

[1] *Demanda*, Entrada Núm. 1 en Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia (SUMAC TPI).
[2] *Moción Escrito al Expediente Judicial*, Entrada Núm. 4 en SUMAC TPI.
[3] *Emplazamiento Diligenciado a Joseph Lipsey III*, *Id*, Anejo 1.
[4] *Emplazamiento Diligenciado a SLG Joseph Lipsey III y Shira Lipsey*, *Id*, Anejo 2.
[5] *Emplazamiento Diligenciado a Isla-Mar Development Corporation*, *Id*, Anejo 3.
[6] *Emplazamiento Diligenciado a PLR Isla Verde LLC*, *Id*, Anejo 4.

Por su parte, el señor Lipsey compareció mediante *Moción de Desestimación por Insuficiencia de Emplazamiento*[7] bajo la Regla 10.2 (3) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (3), presentada el 14 de abril de 2025. En la misma, arguyó que el emplazamiento dirigido a su persona era insuficiente, toda vez que no contenía información esencial según exigida en las Reglas de Procedimiento Civil y, en consecuencia, no le proveyó una notificación adecuada. A tenor, solicitó que se desestimase la demanda de epígrafe por insuficiencia en el emplazamiento.

Conforme a lo anterior, el 28 de abril de 2025, la parte apelante compareció mediante *Oposición a Moción de Desestimación Presentada por la Parte Codemandada Joseph Lipsey III*.[8] En síntesis, sostuvo que el señor Lipsey quedo sometido a la jurisdicción del foro primario mediante la *Moción para Asumir Representación Legal y Para Solicitar Termino Adicional para Presentar Alegación Responsiva*,[9] presentada el 14 de abril de 2025. Añadió que los defectos señalados por el apelado no perjudicaban el emplazamiento sustancialmente, por lo cual, estos podían ser enmendados por el tribunal. A tenor, solicitó al foro primario que desestimase la petición del apelado y, por consiguiente, convalidase el emplazamiento diligenciado y la jurisdicción sobre su persona.

Subsiguientemente, el 13 de mayo de 2025, comparecieron Isla-Mar Development Corporation y PLR

---

[7] *Moción de Desestimación por Insuficiencia de Emplazamiento,* Entrada Núm. 7 en SUMAC TPI.
[8] *Oposición a Moción de Desestimación Presentada por la Parte Codemandada Joseph Lipsey III*, Entrada Núm. 12 en SUMAC TPI.
[9] *Moción para Asumir Representación Legal y Para Solicitar Termino Adicional para Presentar Alegación Responsiva*, Entrada Núm. 6 en SUMAC TPI.

Isla Verde LLC mediante *Solicitud de Desestimación*.[10] En la misma, adujeron que el apelante no alegó hechos suficientes para establecer un derecho a la titularidad de los inmuebles pertenecientes a las entidades demandadas mediante declaración unilateral de voluntad; promesa de contrato o contrato de donación. Añadieron que, el señor Lipsey actuó en su capacidad personal, por ende, las alegaciones del apelante no estaban dirigidas a las corporaciones. Por lo cual, solicitaron al foro primario que desestimase la demanda de epígrafe en contra con perjuicio por ausencia de alegaciones que constituyesen un remedio.

Por su parte, el 6 de junio de 2025, el apelante presentó *Oposición a Solicitud de Desestimación Presentada por PLR Isla Verde, LLC e Isla-Mar Development Corporation*.[11] Expresó que las actuaciones, declaraciones y transacciones realizadas por el señor Lipsey con respecto a las propiedades fueron vinculantes para las corporaciones. Añadió que, de las alegaciones en la demanda, hay elementos suficientes para la concesión de un remedio. A tenor, solicitó el foro primario que declarase *No Ha Lugar* la desestimación solicitada.

En consecuencia, el 11 de junio de 2025, las corporaciones presentaron *Breve Réplica A "Oposición A Solicitud de Desestimación Presentada PLR Isla Verde, LLC E Isla-Mar Development Corporation"*.[12] Manifestaron que el apelante no había logrado derrotar los argumentos

---

[10] *Solicitud de Desestimación,* Entrada Núm. 18 en SUMAC TPI.
[11] *Oposición a Solicitud de Desestimación Presentada por PLR Isla Verde, LLC e Isla-Mar Development Corporation,* Entrada Núm. 24 en SUMAC TPI.
[12] *Breve Réplica A "Oposición A Solicitud de Desestimación Presentada PLR Isla Verde, LLC E Isla-Mar Development Corporation"*, Entrada Núm. 25 en SUMAC TPI.

sobre ausencia de fundamentos jurídicos y que este persistía en causas de acción que no podía justificar. Por lo cual, reiteraron su petición a la desestimación de la demanda de epígrafe.

El 26 de agosto de 2025, la señora Shira Lipsey presentó su *Contestación a Demanda*.[13] En la misma, negó muchas de las alegaciones según esbozadas. Sostuvo que las mismas dejaban de exponer hechos suficientes que constituyeran un remedio. Añadió que el matrimonio Lipsey contrajo nupcias bajo el régimen de total separación de bienes. Por lo cual, solicitó al foro primario que desestimase la acción en su contra.

Evaluadas las posturas de las partes, el 14 de noviembre de 2025, el foro primario emitió y notificó su *Sentencia*.[14] Mediante el referido dictamen, el Tribunal de Primera Instancia realizó varias determinaciones, a saber: declaró *Ha Lugar* la *Moción de Desestimación* presentada por el señor Lipsey desestimando la *Demanda* en su contra sin perjuicio; declaró *Ha Lugar* la *Solicitud de Desestimación* presentada por las corporaciones, desestimando la *Demanda* en su contra con perjuicio; desestimó la demanda con perjuicio en contra de la señora Lipsey y, por consiguiente, desestimo la *Demanda* en su totalidad.

Inconforme, el 1 de diciembre de 2025, el apelante compareció mediante *Moción de Reconsideración*.[15] Reiteró que el señor Lipsey se sometió voluntariamente a la jurisdicción del tribunal y que, además, el emplazamiento fue correcto en derecho. Añadió que la demanda contenía hechos demostrativos que justificaban

---

[13] *Contestación a Demanda,* Entrada Núm. 43 en SUMAC TPI.
[14] *Sentencia,* Entrada Núm. 51 en SUMAC TPI.
[15] *Moción de Reconsideración*, Entrada Núm. 52 en SUMAC TPI.

la concesión de un remedio contra las corporaciones codemandadas y que la desestimación solicitada por estas, al igual que la solicitada por la señora Lipsey eran improcedentes. A tenor, solicitó que se declarase *Ha Lugar* la reconsideración solicitada.

Posteriormente, el 15 de diciembre de 2025, compareció la señora Lipsey mediante *Oposición a Moción de Reconsideración*.[16] Arguyó que las controversias presentadas concernían al señor Lipsey y las corporaciones, por lo cual no existían remedios a reclamar en su contra. Solicitó al foro primario que declarase *No Ha Lugar* la reconsideración solicitada.

A la luz de lo anterior, el foro primario emitió una *Orden* el 16 de diciembre de 2025. En la misma, declaró *No Ha Lugar* la reconsideración solicitada por la parte apelante. En la misma fecha, el señor Lipsey compareció mediante *Comparecencia Especial, sin Someterse a la Jurisdicción del Honorable Tribunal, en Oposición a Moción de Reconsideración de Sentencia Desestimando la Demanda sin Perjuicio en cuanto al Sr. Lipsey.*[17] De igual forma, comparecieron Isla-Mar Development Corporation y PLR Isla Verde, LLC mediante *Oposición a "Moción de Reconsideración".*[18]

Aún inconforme, el 15 de enero de 2026, comparece ante nos Chabad Puerto Rico mediante recurso de *Apelación*[19] y nos solicita que revisemos la determinación del Tribunal de Primera Instancia. Mediante el referido

---

[16] *Oposición a Moción de Reconsideración,* Entrada Núm. 54 en SUMAC TPI.
[17] *Comparecencia Especial, sin Someterse a la Jurisdicción del Honorable Tribunal, en Oposición a Moción de Reconsideración de Sentencia Desestimando la Demanda sin Perjuicio en cuanto al Sr. Lipsey,* Entrada Núm. 56 en SUMAC TPI.
[18] *Oposición a "Moción de Reconsideración",* Entrada Núm. 57 en SUMAC TPI.
[19] *Apelación,* Entrada Núm. 1 en Sistema Unificado de Manejo y Administración de Casos para el Tribunal de Apelaciones (SUMAC TA).

recurso, nos señala la comisión de los siguientes errores por parte del foro primario, a saber:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA SIN PERJUICIO EN LO QUE RESPECTA AL CODEMANDADO JOSEPH LIPSEY III POR INSUFICIENCIA DEL EMPLAZAMIENTO CUANDO ÉSTE COMPARECIÓ Y SE SOMETIÓ DE MANERA VOLUNTARIA A LA JURISDICCIÓN DEL TRIBUNAL
>
> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA SIN PERJUICIO EN LO QUE RESPECTA AL CODEMANDADO JOSEPH LIPSEY III POR INSUFICIENCIA DEL EMPLAZAMIENTO CUANDO LOS PRESUNTOS DEFECTOS SON DE FORMA Y, JURISPRUDENCIALMENTE, NO ACAPARAN LA INVALIDACIÓN DE UN EMPLAZAMIENTO CORRECTAMENTE DILIGENCIADO
>
> TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA CON PERJUICIO EN LO QUE RESPECTA A LAS ENTIDADES CODEMANDADAS ISLA-MAR Y PLR CUANDO LA DEMANDA CONTIENE HECHOS DEMOSTRATIVOS QUE JUSTIFICAN LA CONCESIÓN DE UN REMEDIO Y, EN TODO CASO, ES SUSCEPTIBLE DE SER ENMENDADA
>
> CUARTO ERROR: EN LA ALTERNATIVA, ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA "CON PERJUICIO" EN VEZ DE "SIN PERJUICIO" EN LO QUE ATAÑE A LAS ENTIDADES CODEMANDADAS ISLA-MAR Y PLR
>
> QUINTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL, SUA SPONTE Y EN CONTRAVENCIÓN CON EL PRINCIPIO DE "PARTY PRESENTATION" ORDENAR LA DESESTIMACIÓN CON PERJUICIO DE LA DEMANDA EN LO QUE RESPECTA A LA CODEMANDADA SHIRA LIPSEY
>
> SEXTO ERROR: EN LA ALTERNATIVA, ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA "CON PERJUICIO" EN VEZ DE "SIN PERJUICIO" EN LO QUE ATAÑE A LA CODEMANDADA SHIRA LIPSEY.

El 20 de enero de 2026, emitimos una *Resolución*,[20] la cual fue notificada el 23 de enero de 2026, concediéndole a la parte apelada el término dispuesto en el Reglamento de este Tribunal, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __

---

[20] *Resolución,* Entrada Núm. 2 en SUMAC TA.

(2025), para presentar su alegato. El 12 de febrero de 2026, la señora Lipsey compareció mediante *Alegato en Oposición a Recurso de Apelación*.[21] De igual forma, el 16 de febrero de 2026, el señor Lipsey III compareció mediante *Alegato de la Parte Apelada Mediante Comparecencia Especial, Sin Someterse a la Jurisdicción del Honorable Tribunal*.[22] Por su parte, el 17 de febrero de 2026, las corporaciones comparecieron mediante *Alegato de las Apeladas PLR Isla Verde, LLC e Isla-Mar Development Corporation*.[23] Contando con la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la persona, de forma tal que este quede obligado por el dictamen que finalmente se emita. *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 467 (2017); *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 30 (2014). El emplazamiento diligenciado conforme a derecho es principio esencial del debido proceso de ley. El mismo tiene el propósito de notificarle al demandado que se ha incoado una acción judicial en su contra, para así garantizarle su derecho a ser oído y a defenderse. *Torres Zayas v. Montano Gómez et als.,* supra, pág. 467; *Banco Popular v. SLG Negrón*, 164 DPR 855, 863 (2005); *Bco. Central Corp. v. Capitol Plaza, Inc.,* 135 DPR 760, 763 (1994). Asimismo,

---

[21] *Alegato en Oposición a Recurso de Apelación,* Entrada Núm. 3 en SUMAC TA.

[22] *Alegato de la Parte Apelada Mediante Comparecencia Especial, Sin Someterse a la Jurisdicción del Honorable Tribunal,* Entrada Núm. 4 en SUMAC TA.

[23] *Alegato de las Apeladas PLR Isla Verde, LLC e Isla-Mar Development Corporation,* Entrada Núm. 5 en SUMAC TA.

el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Medina v. Medina*, 161 DPR 806 (2004). Por tal razón, **se requiere una estricta adhesión a sus requerimientos**. (Énfasis nuestro.) *Banco Popular v. SLG Negrón*, *supra*.

Un demandado tiene derecho a ser emplazado conforme a derecho. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015). Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R.4. La inobservancia de dichos requisitos priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017). Por tanto, tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 645 (2018).

Como norma general, expedido el emplazamiento, debe ser diligenciado juntamente con la demanda personalmente ya sea mediante su entrega física a la parte demandada, o haciéndola accesible en su inmediata presencia. Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R.4.4. En cuanto al contenido del mismo, la Regla 4.2 de Procedimiento Civil, esta dispone que:

> El emplazamiento deberá ser firmado por el Secretario o Secretaria, **llevará el nombre y el sello del tribunal, con especificación de la sala, y los nombres de las partes,** sujeto a lo dispuesto en la Regla 8.1. Se dirigirá a la parte demandada y **hará constar el nombre, la dirección postal, el número de teléfono, el número de fax, la dirección electrónica y el número del abogado o abogada ante el Tribunal Supremo de**

**Puerto Rico de la parte demandante**, si tiene, o de ésta si no tiene abogado o abogada, y el plazo dentro del cual estas reglas exigen que comparezca la parte demandada al tribunal, apercibiéndole que de así no hacerlo podrá dictarse sentencia en rebeldía en su contra concediéndose el remedio solicitado en la demanda o cualquier otro, si el Tribunal, en el ejercicio de su sana discreción, lo entiende procedente. (Énfasis nuestro.) 32 LPRA Ap. V, R. 4.2.

Conforme a lo anterior, nuestro más Alto Foro ha resuelto que "no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda." *Sánchez Rivera v. Malavé Rivera, supra*, a las págs. 869-870. Además, nuestro Tribunal Supremo ha expresado que el dictamen que se emite en una acción en la cual el emplazamiento fue defectuoso, es nulo de su faz, puesto que el tribunal no puede adquirir jurisdicción sobre una persona que no se emplazó correctamente. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 244 (1996).

-B-

Un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas, a saber, cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. *Cirino González v. Adm. Corrección et al., supra*, pág. 29. Ahora bien, cuando una persona se somete a la jurisdicción del Tribunal voluntariamente, renuncia de la notificación formal de la acción en su contra mediante

un emplazamiento. *Vázquez v. López*, 160 DPR 714, 721 (2003).

Específicamente, la sumisión voluntaria sucede cuando la parte demandada comparece voluntariamente y realiza **algún acto sustancial que la constituya parte en el pleito.** (Énfasis suplido.) *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 873. Como, por ejemplo, **cumplir voluntariamente con las órdenes del Tribunal, y a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación que incoe la parte demandante en su contra.** (Énfasis suplido) *Vázquez v. López*, supra, pág. 721. En síntesis, "la comparecencia voluntaria de la parte demandada suple la omisión del emplazamiento y esto es suficiente para que el Tribunal adquiera jurisdicción sobre la persona bajo las garantías del debido proceso de ley." *Íd.*

-C-

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

> (1) Falta de jurisdicción sobre la materia.
> (2) Falta de jurisdicción sobre la persona.
> (3) Insuficiencia del emplazamiento.
> (4) Insuficiencia del diligenciamiento del emplazamiento.
> (5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
> (6) Dejar de acumular una parte indispensable. *Íd.*

La insuficiencia del emplazamiento incide en la jurisdicción de los tribunales sobre la persona de los demandados. De manera que, si el tribunal no tiene jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

-D-

Por otro lado, nuestro Derecho Procesal Civil ha conferido a los tribunales la facultad para que, en determinadas circunstancias, pueda desestimar los pleitos con perjuicio. Pero esta facultad "se debe ejercer juiciosa y apropiadamente". *VS PR, LLC v. Drift-Wind, Inc.,* 207 DPR 253, 264 (2021), *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

Los jueces de instancia deben, mediante su juicio valorativo, dirimir si están presentes las circunstancias apremiantes para desestimar una demanda con perjuicio. *VS PR, LLC v. Drift-Wind*, *supra*, a la pág. 274. Conforme a esta normativa, el tribunal goza de discreción para establecer que la desestimación será sin perjuicio, pero si no lo hace, entonces se reputará que es con perjuicio. *Id.* Los tribunales apelativos no deben intervenir con la decisión del Tribunal de Primera Instancia de hacer la desestimación una con o sin perjuicio. *Íd.*

III.

En el caso de marras, la corporación Chabad Lubavitch of Puerto Rico compareció ante nos mediante recurso de apelación y nos planteó la comisión de seis (6) errores por parte del foro primario. Evaluemos.

En síntesis, adujo que erró el foro primario al desestimar la demanda contra el señor Lipsey por insuficiencia del emplazamiento, ya que, a juicio del apelante, este se sometió de manera voluntaria a la jurisdicción del tribunal. Añadió que los presuntos defectos del emplazamiento eran de forma y no invalidaban el mismo. Sabido es que, dada la naturaleza del emplazamiento y su carácter de paso inaugural en el debido proceso de ley, se requiere una estricta adhesión a sus requerimientos. Si una persona no es correctamente emplazada, el tribunal carece de jurisdicción sobre la misma y solo puede así declararlo.

De los autos se desprende que, el emplazamiento diligenciado al señor Lipsey sufrió de varios defectos, a saber: no identificó en su epígrafe las partes en el pleito; no incluyó cual era la naturaleza o materia del pleito y, no incluyó la sala en que se dilucidaría la acción en su contra. Según establecido en las Reglas de Procedimiento Civil, *supra*, el emplazamiento diligenciado al apelado sufría de vicios graves que no pueden considerarse como meros errores técnicos. Ante la ausencia de un diligenciamiento de emplazamiento conforme a los preceptos de las Reglas de Procedimiento Civil, concluimos que el planteamiento del apelante carece de méritos y el señor Lipsey nunca fue emplazado adecuadamente.

En cuanto a la alegada sumisión voluntaria del apelado, previo a su comparecencia mediante la *Moción de Desestimación por Insuficiencia del Emplazamiento*, el señor Lipsey no se había sometido a la jurisdicción del tribunal, ni había impugnado las alegaciones de la demanda en sus méritos. La *Moción para Asumir*

*Representación Legal y para Solicitar Término Adicional para Presentar Alegación Responsiva*[24] presentada el 14 de abril de 2025, fue aclarada en la misma fecha mediante la *Moción Urgente para Aclarar el Alcance de la Representación Legal de los Abogados que Suscriben.*[25] En esta última, la representación legal informó que, por error e inadvertencia, incluyó al señor Lipsey como su representado. En consecuencia, solicitó al tribunal que los relevara como sus representantes, aclarando que su comparecencia y representación legal se limitaba a las corporaciones. En vista de lo anterior, colegimos con el foro primario en que el referido escrito no tuvo el efecto de someter voluntariamente al apelante a la jurisdicción del tribunal. Por lo cual, su solicitud de desestimación fue oportuna.

En cuanto a las corporaciones PLR Isla Verde, LLC. e Isla-Mar Development Corporation, el apelante sostuvo que el foro primario incidió al desestimar el pleito en su contra, aun cuando -según alegó- existían hechos demostrativos que justificaban un remedio. Añadió en la alternativa, que el tribunal erró el desestimar la demanda con perjuicio. Sin embargo, de una lectura integral de la demanda surge claramente que todas las alegaciones están dirigidas exclusivamente contra el señor Lipsey en su carácter personal.

Es norma reconocida que la figura jurídica de la corporación le reconoce a una empresa una personalidad legal distinta a la de sus dueños o miembros. *Santiago et al. v. Rodríguez et al.,* 181 DPR

---

[24] *Moción para Asumir Representación Legal y para Solicitar Término Adicional para Presentar Alegación Responsiva,* Entrada Núm. 6 en SUMAC TPI.
[25] *Moción Urgente para Aclarar el Alcance de la Representación Legal de los Abogados que Suscriben,* Entrada Núm. 8 en SUMAC TPI.

204, 214 (2011). La parte promovente de una reclamación para descorrer el velo corporativo debe demostrar que no existe una separación adecuada entre la corporación y el accionista, y los hechos son tales que reconocer la personalidad jurídica sería igual a "sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen". *DACo v. Alturas Fl. Dev. Corp. y otro*, 132 DPR 905, 927(1993). La parte apelante no colocó en posición al tribunal para determinar la ausencia de una separación adecuada entre la corporación y el accionista. En ninguna de sus alegaciones solicitó descorrer el velo corporativo. Por tal razón, no tiene méritos su alegación.

Asimismo, sostuvo el apelante que erró el foro primario al desestimar *sua sponte* los reclamos dirigidos en contra de Shira Lipsey. De igual forma, añadió en la alternativa, que el tribunal erró al realizar la desestimación con perjuicio. Cabe resaltar que el señor Joseph Lipsey y la señora Shira Lipsey contrajeron matrimonio bajo el régimen de total separación de bienes. Como es conocido, el contrato de capitulaciones matrimoniales permite "regular los derechos de los esposos sobre sus bienes respectivos." *Guadalupe Solís v. González Durieux,* 172 DPR 676, 683 (2007). Los derechos reales sobre las propiedades en controversia pertenecen al señor Lipsey, según surge del expediente y de las propias alegaciones del apelante. Por consiguiente, la apelada no ostenta derechos reales ni personales sobre las mismas. Por otro lado, tal como señalamos previamente, las alegaciones contenidas en la

demanda van dirigidas al señor Lipsey y a sus actuaciones. Por lo cual, no le asiste la razón.

En cuanto las desestimaciones con perjuicio realizadas por el foro primario, nuestro ordenamiento ha establecido que los jueces de instancia deben, mediante su juicio valorativo, dirimir si están presentes las circunstancias apremiantes para desestimar una demanda con perjuicio. Una vez emitida dicha determinación, los tribunales apelativos no debemos intervenir con la decisión del Tribunal de Primera Instancia de hacer la desestimación una con o sin perjuicio. Por lo cual, concluimos no intervenir con el foro primario.

**IV.**

Por los fundamentos anteriormente expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones